# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| **ABIGAIL COLLINS,** individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>**WASHINGTON COLLEGE,**<br><br>     Defendant. | Case No. 1:23-cv-03258-RDB<br><br><br><br>Complaint filed December 1, 2023 |
| **TAYLOR BRESNAHAN,** individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>**WASHINGTON COLLEGE,**<br><br>     Defendant. | Case No. 1:23-cv-03319-BAH<br><br>Complaint filed December 6, 2023 |
| **CAITLYN CREASY and VINCENT PACHECO,** individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>**WASHINGTON COLLEGE,**<br><br>     Defendant. | Case No. 1:23-cv-03377-JRR<br><br><br><br>Complaint filed December 13, 2023 |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE RELATED ACTIONS <u>AND MEMORANDUM IN SUPPORT</u>

Under Federal Rules of Civil Procedure 42(a) and 23(g)(3), Plaintiffs Abigail Collins, Taylor Bresnahan, Caitlyn Creasy and Vincent Pacheco (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully move this Honorable Court for the consolidation of the

"Related Actions" (defined below). In support of their motion, Plaintiffs submit the following Memorandum in Support.

## I.    INTRODUCTION

The three above-listed related class action lawsuits have common questions of facts and law against the same defendant, Washington College, and are currently pending in this District (collectively, the "Related Actions"). The Related Actions arise from the same operative facts surrounding a cyberattack on Defendant's computer network beginning on or around March 14, 2023 ("the Data Breach"). The type of Private Information at issue include full names and Social Security numbers in each of the Related Actions. Furthermore, Plaintiffs in the Related Actions allege that their Private Information was compromised in the Data Breach. The Plaintiffs also commonly raise legal questions that Defendant breached the same or similar common law and statutory duties that allowed the Data Breach to occur. Finally, each Related Action seeks the same remedies and compensation for those injured and affected by the Data Breach. As such, the Related Actions present common factual and legal questions, involving the same and/or similar discovery efforts. Accordingly, consolidation of this litigation under Rule 42(a) will promote efficiency in the discovery process, and consistency in judicial rulings, reducing duplication, costs, and delay.

For these reasons, Plaintiffs propose that the Related Actions be consolidated.[1]

## II.    BACKGROUND

These Related and putatively consolidated Actions arise from the Data Breach involving Defendant Washington College. Defendant is a private liberal arts college based in Chestertown, Maryland. Plaintiffs allege that on or around March 14, 2023, an unauthorized third party gained

---

[1] Counsel for Plaintiff has consulted with counsel for Defendant in this matter who have stated that although Defendant disputes the merit of Plaintiffs' claims, denies liability, and disagrees with certain characterizations in this motion, it does not oppose the relief sought in this motion.

unauthorized access to Defendant's computer network and exfiltrated data containing the sensitive information of at least 13,168 individuals. Washington College began notifying state Attorneys General and Class Members about this widespread breach on or around November 15, 2023. Plaintiffs allege that Defendant failed to safeguard their Private Information properly.

Plaintiffs each received a notice dated November 15, 2023 from Defendant, explaining that Plaintiffs were victims of the Data Breach; subsequently, those Plaintiffs decided to file their respective class actions in the following weeks. The Related Actions were filed within days of the Plaintiffs receiving notice of the Data Breach, and each alleges virtually identical facts and similar legal claims. All the Related Actions are class action lawsuits against Washington College. Through their respective class actions, Plaintiffs allege a combination of the following causes of action against Defendant, including negligence, breach of fiduciary duty, breach of implied contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, invasion of privacy, violations of the Maryland Consumer Protection Act, violations of the Maryland Personal Information Protection Act, declaratory judgment, and claims for and injunctive relief. Following the filing of these cases, attorneys for Plaintiffs discussed potential consolidation and coordination of their respective actions, prompting Plaintiffs to file this motion.

## III.    CONSOLIDATION OF THE RELATED ACTIONS

### A.  The Related Actions should be consolidated.

Plaintiffs respectfully request and jointly agree that the Related Actions be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which

provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also UNeMed Corp. v. ProMera Health, LLC*, No. 8:15CV135, 2016 WL 1259387, at *2 (D. Neb. Mar. 30, 2016) ("Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration.") (citing *9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383* (2d ed. 1994)).

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the Data Breach. Specifically, each of the Related Actions focuses on whether Defendant is liable to Plaintiffs and anyone else whose information was compromised in the Data Breach, for its failure to protect their Private Information with which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same Defendant; involve the same Data Breach; and involve the same types of Private Information. Undersigned Plaintiffs' counsel in each Related Action anticipate that the Related Actions would involve substantially the same discovery and that consolidation would add efficiency and consistency in judicial rulings, and reduce delay and cost. *See Club v. ICG Hazard, LLC*, No. 11-cv-148, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources.").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical

discovery requests, and duplicative motion practice, and would cause an unnecessary drain on judicial resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. As explained in *Kaplan v. 21ˢᵗ Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a similar data breach case:

> "Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id.* On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to 'secure the just, speedy, and inexpensive determination' of these proceedings."

*Kaplan v. 21ˢᵗ Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at

*2-3 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 2:16-cv-210,

2016 WL 4204781 (M.D. Fla. Aug. 10, 2016).

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with this case. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case."); *see also Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co*., 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.")

Defendant will suffer no prejudice by litigating one consolidated action rather than three— or many more—separate suits. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

### B.  Proposed Scheduling Order

For efficiency purposes, Plaintiffs propose the following schedule for upcoming briefing,

1.    Plaintiffs shall file a consolidated complaint within forty-five (45) days from the Court's approval of the Motion to Consolidate; and,

2.    Defendant shall have thirty (30) days from the filing of the consolidated complaint to file a responsive pleading, Plaintiffs shall have thirty (30) days thereafter to file any opposition, and Defendant shall have twenty-one (21) days thereafter to file a reply in support.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the Related Actions.

DATED: January 18, 2024                    Respectfully submitted,


                                           /s/ *Kevin Laukaitis*
                                           Kevin Laukaitis
                                           **LAUKAITIS LAW LLC**
                                           954 Avenida Ponce De Leon
                                           Suite 205, #10518
                                           San Juan, PR 00907
                                           T: (215) 789-4462
                                           klaukaitis@laukaitislaw.com

                                           Courtney L. Weiner (No. 19463)
                                           **LAW OFFICE OF COURTNEY WEINER
                                           PLLC**
                                           1629 K Street, NW, Suite 300
                                           Washington, DC 20006
                                           T: (202) 827-9980
                                           cw@courtneyweinerlaw.com

                                           Raina C. Borrelli (*pro hac vice* anticipated)
                                           **TURKE & STRAUSS LLP**
                                           613 Williamson St., Suite 201
                                           Madison, Wisconsin 53703-3515
                                           Telephone: (608) 237-1775
                                           Facsimile: (608) 509 4423
                                           raina@turkestrauss.com

                                           Zachary E. Howerton (Bar No. 20688)
                                           Roy L. Mason (00922)
                                           **SMOUSE & MASON, LLC**
                                           223 Duke of Gloucester Street
                                           Annapolis, MD 21401
                                           Telephone: (410) 269-6620
                                           Facsimile: (410) 269-1235
                                           zeh@smouseandmason.com
                                           rlm@smouseandmason.com

7

David K. Lietz (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, LLC**
5335 Wisconsin Avenue NW
Washington, D.C. 20015-2052
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
dlietz@milberg.com

*Attorneys for Plaintiffs & Putative Class Members*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on January 18, 2024, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Kevin Laukaitis*
Kevin Laukaitis

9